UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0208-JMS-MJD |
| | ) | |
| RAYMOND BARNES, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on November 30, 2017 and the supplemental petition filed on May 7, 2018, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on December 11, December 14, 2017, January 12, and May 29, 2018, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On December 11, and December 14, 2017, defendant Raymond Barnes appeared in person with his appointed counsel, Gwendolyn Beitz. The government appeared by Kristina Korobov, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officers Angela Smith and Shelly McKee, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

On January 12, 2018, defendant Raymond Barnes appeared in person with his appointed counsel, Gwendolyn Beitz. The government appeared by Nick Linder, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Angela Smith, who participated in the proceedings.

On May 29, 2018, defendant Raymond Barnes appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Nick Linder, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Angela Smith, who participated in the proceedings.

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Barnes of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.

2. A copy of the Petition was provided to Mr. Barnes and his counsel, who informed the court they had reviewed the Petition and that Mr. Barnes understood the violations alleged. Mr. Barnes waived further reading of the Petition.

3. The court advised Mr. Barnes of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Barnes was advised of the rights he would have at a preliminary hearing. Mr. Barnes stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Barnes of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the

United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Barnes, by counsel, stipulated that he committed Violation Numbers 2, 3, 4, 5, 6, and 7 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"You shall refrain from consuming alcoholic beverages."** |
| | The offender admitted consuming alcoholic beverages on November 25, 2017, to IMPD Officers. |
| 3 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer and abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program."** |
| | Mr. Barnes was enrolled in substance abuse treatment on October 11, 2016, following his arrest for OWI on October 7, 2016. While in the program he failed to report to 12 treatment sessions due to personal conflicts, such as work, family obligations, and/or confusion about the dates. He was verbally admonished for missing sessions and complied with rescheduling all sessions. His arrest on November 25, 2017, violates the rules of the treatment program being that he must abstain from consuming all intoxicates, including alcohol while in treatment services. Mr. Barnes remains enrolled in treatment services to date. |
| 4 | **"The defendant shall not commit another federal, state, or local crime."** |
| | As previously reported to the Court, on October 7, 2016, Raymond Barnes was arrested by IMPD for charges of Operating While Intoxicated (misdemeanor), and Operating a Vehicle with an ACE of .15 or more. Charges were filed in Marion County Superior Court 10, under cause number 49G10-1610-CM-039693. On January 30, 2017, he was sentenced to 4 days executed at the Marion County Jail, and 360 days probation. A probation violation is being filed in this matter. |
| | According to the police report, on the morning of the arrest officers were dispatched to a welfare check at 3:56 am. Upon arrival, officers found a vehicle in the middle of the intersection with Mr. Barnes passed out in the |

drivers seat. The vehicle was running, in drive and officers had to shake the offender several times before finally having medics wake him up. There was damage to the driver's side door of the vehicle. Mr. Barnes was very confused, but admitted drinking. He failed all given sobriety tests. A certified chemical breath test registered .225 grams of alcohol per 210 liters of breath.

| | |
|---|---|
| 5 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

As previously reported to the Court, on March 16, 2017, the offender submitted a urinalysis that yielded positive for cannabinoids. He was confronted about the positive test, and admitted marijuana use.

| | |
|---|---|
| 6 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer and abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program."** |

Since the offender appeared before the Court on January 12, 2018, he successfully completed a two week inpatient substance abuse treatment program through Salvation Army Harbor Light from January 26, 2018, through February 9, 2018. His continued treatment plan following his release from the inpatient program was to attend two outpatient substance abuse groups weekly at Indianapolis Counseling Center and to attend self-help groups on his own.

| | |
|---|---|
| 7 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On May 3, 2018, while the offender was submitting a urinalysis for testing, he was observed to be using a "whizzinator," a urine screen defeating device, to provide the urine sample. The device was confiscated and the offender provided a valid sample which returned positive for cannabinoids. When confronted about the device, he admitted having used marijuana and obtaining the device from a friend in order to pass his urine screen. He further admitted having smoked marijuana approximately one week prior.

6. After asking Mr. Barnes questions to ensure that his decision to waive his right to a hearing and to admit the specified violations was knowing and intentional, the court placed Mr. Barnes under oath and directly inquired of Mr. Barnes whether he admitted violations 2, a3, 4,

5, 6, and 7 of his supervised release set forth above. Mr. Barnes admitted the violations as set forth above.

7. The Government orally moved to dismiss Violation Number 1 and the Court granted the same.

8. The parties and the USPO further stipulated that:

(a) The highest grade of Violation (Violation 2, 3, 4, 5, 6, and 7) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

(b) Mr. Barnes's criminal history category is I.

(c) The range of imprisonment applicable upon revocation of Mr. Alexander's supervised release, therefore, is 3 - 9 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The government argued for a sentence of nine (9) months with no supervised release to follow. Defendant argued for a sentence at the low end of the guidelines.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, RAYMOND BARNES, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of four (4) months with no supervised release to follow. The defendant will have until June 12, 2018, at 12:00 p.m. to self-surrender to the U.S. Marshal's Office pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Barnes stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Barnes entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Barnes's supervised release, imposing a sentence of imprisonment of four (4) months with no supervised release to follow. The defendant will have until June 12, 2018 at 12:00 p.m. to self-surrender to the U.S. Marshal's Office pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 6/5/2018

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal